UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**AMANDA DICRESCENZO,**
        **Plaintiff,**

    **v.**                                **CIVIL ACTION NO. 23-11934-TSH**

**THOMAS O'DONNELL,**
        **Defendant.**

### ORDER

**HILLMAN, J.**                                                      **September 5, 2023**

1.    Plaintiff Amanda DiCrescenzo's ("DiCrescenzo") motion to proceed *in forma pauperis* (ECF No. 3) is ALLOWED. Because DiCrescenzo is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. at 325; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). In conducting this review, the Court liberally construes DiCrescenzo's complaint because she is proceeding *pro se*. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

2.    This action is DISMISSED for failure to state a claim upon which relief can be granted. DiCrescenzo claims her civil rights are being violated by the defendant, an attorney apparently representing a private litigant, relating to representations made by the attorney in state

1

court proceedings.[1]  To the extent that DiCrescenzo's claim might be characterized as a civil rights action pursuant to 28 U.S.C. § 1983, that federal statute "allows individuals to sue certain persons for depriving them of federally assured rights under color of state law." *Fincher v. Town of Brookline*, 26 F.4th 479, 485 (1st Cir. 2022) (citation and quotation omitted).  Here, there are no plausibly pleaded allegations of state action by the defendant. *Aldrich v. Ruano*, 952 F. Supp. 2d 295, 301 (D. Mass. 2013) ("It is well-settled that a lawyer (even a court-appointed one) does not act under the color of state law in performing a lawyer's traditional function as counsel to a party.").  Accordingly, as pleaded the complaint fails to set forth a plausible federal claim.  Because it is crystal clear that the claims in this civil action cannot be repleaded to state a claim, the action is dismissed sua sponte.  With the federal claim dismissed, the Court declines to exercise supplemental jurisdiction over any state-law claims.  See 28 U.S.C. 1367(c)(3).

3. Plaintiff's motion to file electronically, ECF No. 2 is ALLOWED. Pro se litigants must have an individual PACER account to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account.  Pro se e-filing account Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.  If DiCrescenzo already has a PACER account with E-Filing access as a pro se litigant, you do not need to register again. Please email tracy_mclaughlin@mad.uscourts.gov.

4. Plainitff's Motion for Appointment of Counsel (ECF No. 4) is DENIED as moot.

---

[1] The Court observes that this appears to relate to state custody proceedings or other family court proceedings with the father of her children. *See DiCrescenzo v. Salem MA Probate & Family Court et al*, Civ. No. 1:23-cv-11268-DJC.

5. The Clerk is directed to enter a separate order of dismissal and close the case.

**SO ORDERED.**

                                                  /s/ Timothy S. Hillman
                                            UNITED STATES DISTRICT JUDGE